UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TRACEY-ANN HENRY,

    Plaintiff,

v.                                    CASE NO.:

MCR PROPERTY MANAGEMENT, LLC

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TRACEY-ANN HENRY, by and through undersigned counsel, brings this action against Defendant, MCR PROPERTY MANAGEMENT, LLC ("Defendant"), and in support of her claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages under 29 U.S.C. § 215(a)(3) and violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq., and the Florida Civil Rights Act of 1990, ("FCRA"), Fla. Stat. § 760.01 et seq.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Orange County, Florida.

## PARTIES

4. Plaintiff is a resident of Orange County, Florida.

5. Defendant operates a hotel and restaurant, including the one Plaintiff worked at in Orlando, in Orange County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

10. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

11. Defendant continues to be an "employer" within the meaning of the FLSA.

12. At all times material hereto, Defendant was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

13. At all times relevant to this action, Defendant was engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

14. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

15. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII and the FCRA.

16. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of Title VII and the FCRA.

## FACTS

17. Plaintiff began working for Defendant in December 2019, first as a cook and then later, supposedly promoted to a Food & Beverage Manager.

18. The Defendant offered Plaintiff a role to presumably be part of management, however Plaintiff did not have the ability to hire or fire anyone, and she primarily continued to work in non-management roles. For instance, by way of example and not limitation, Plaintiff primarily placed food and beverage orders and then cooked, cleaned, and served food.

19. Defendant did so knowing that it was not meeting the FLSA's requirements for an exempt employee and still required her to work over forty (40) hours per week.

20. For instance, Plaintiff worked more than forty hours every week including seventeen (17) hours in one single day in May 2021.

21. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendant, and she was entitled to be

compensated for these overtime hours at a rate equal to one and one-half times her regular hourly rate.

22. Defendant failed to pay Plaintiff an overtime premium for all of the overtime hours that she worked, in violation of the FLSA.

23. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

24. Plaintiff is an African-American female.

25. Thus, Plaintiff is a member of a protected class, and on account of her protected status, Plaintiff benefits from the protections of Title VII and the FCRA.

26. Plaintiff performed the job for which she was hired in a satisfactory manner.

27. The Assistant General Manager told Plaintiff that "All you N*****s want stuff for free."

28. Respondent's Assistant General Manager constantly swore at Plaintiff and threatened her with physical harm.

29. The Assistant General Manager even told Plaintiff that he would "blow the whole place up."

30. However, he did not do so to other non-African-American employees or to the male employees.

31. Plaintiff made a complaint to Defendant's Human Resources but nothing was done. Defendant failed to take any remedial action.

32. Defendant even refused to accept the Assistant General Manager's resignation and let him go back to work where he had access to Plaintiff's telephone number and home address.

33. The Assistant General Manager's discrimination of Plaintiff continued such that she was constructively discharged on August 8, 2021.

## COUNT I – FLSA OVERTIME VIOLATION

34. Plaintiff realleges and readopts the allegations of paragraphs 1-14 and 17-23 of this Complaint, as though fully set forth herein.

35. During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and she was not compensated for all of these hours in accordance with the FLSA.

36. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

37. As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

    a)    Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

    b)    Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

    c)    An equal amount to Plaintiff's overtime damages as liquidated damages;

    d)    To the extent liquidated damages are not awarded, an award of prejudgment interest;

    e)    A declaratory judgment that Defendant's practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

    f)    All costs and attorney's fees incurred in prosecuting these claims; and

    g)    For such further relief as this Court deems just and equitable.

## COUNT II – TITLE VII VIOLATION
## (RACE and SEX DISCRIMINATION)

38.    Plaintiff realleges and readopts the allegations of paragraphs 1-8, 15-17, and 24-33 of this Complaint, as though fully set forth herein.

39.    Plaintiff is a member of a protected class under Title VII.

40.    Plaintiff was subjected to disparate treatment on the basis of her sex and race, including terminating her employment.

41.    Defendant knew or should have known of the disparate treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

42.    Defendant's actions were willful and done with malice.

43.    Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issue and that this Court take jurisdiction over the case;

    c)    An injunction restraining continued violation of Title VII by Defendant;

    d)    Compensation for lost wages, benefits, and other remuneration;

    e)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

    f)    Any other compensatory damages, including emotional distress, allowable at law;

    g)    Punitive damages;

    h)    Prejudgment interest on all monetary recovery obtained.

    i)    All costs and attorney's fees incurred in prosecuting these claims; and

    j)    For such further relief as this Court deems just and equitable.

## COUNT III – TITLE VII RETALIATION

44.    Plaintiff realleges and readopts the allegations of paragraphs 1-8, 15-17, and 24-33 of this Complaint, as though fully set forth herein.

45.    Plaintiff is a member of a protected class under Title VII.

46.    Plaintiff exercised or attempted to exercise her rights under Title VII, thereby engaging in protected activity under Title VII.

47. Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by terminating her employment.

48. Defendant's actions were willful and done with malice.

49. In terminating her employment, Defendant took material adverse action against Plaintiff.

50. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

- a) A jury trial on all issues so triable;
- b) That process issue and that this Court take jurisdiction over the case;
- c) That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising her rights under Title VII;
- d) That this Court enter an injunction restraining continued violation of Title VII by Defendant;
- e) Compensation for lost wages, benefits, and other remuneration;
- f) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;
- g) Front pay;

  h)  Any other compensatory damages, including emotional distress, allowable at law;

  i)  Punitive damages;

  j)  Prejudgment interest on all monetary recovery obtained.

  k)  All costs and attorney's fees incurred in prosecuting these claims; and

  l)  For such further relief as this Court deems just and equitable.

## COUNT IV – FCRA VIOLATION
## (DISCRIMINATION)

51. Plaintiff realleges and readopts the allegations of paragraphs 1-8, 15-17, and 24-33 of this Complaint, as though fully set forth herein.

52. Plaintiff is a member of a protected class under the FCRA.

53. Plaintiff was subjected to disparate treatment on account of her race and sex, including terminating her employment.

54. Defendant's actions were willful and done with malice.

55. Plaintiff was injured due to Defendant's violations of the FCRA, for which dot is entitled to relief.

***WHEREFORE***, Plaintiff demands:

  k)  A jury trial on all issues so triable;

  l)  That process issue and this Court take jurisdiction over the case;

    m)     Compensation for lost wages, benefits, and other remuneration;

    n)     Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

    o)     Any other compensatory damages, including emotional distress, allowable at law;

    p)     Punitive damages;

    q)     Prejudgment interest on all monetary recovery obtained.

    r)     All costs and attorney's fees incurred in prosecuting these claims; and

    s)     For such further relief as this Court deems just and equitable.

## COUNT V – FCRA RETALIATION

56. Plaintiff realleges and readopts the allegations of paragraphs 1-8, 15-17, and 24-33 of this Complaint, as though fully set forth herein.

57. Plaintiff is a member of a protected class under the FCRA.

58. Plaintiff engaged in protected activity under the FCRA by making a complaint to Defendant's human resources.

59. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating her employment.

60. Defendant's actions were willful and done with malice.

61. By terminating her employment, Defendant took material adverse action against Plaintiff.

62. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

- m) A jury trial on all issues so triable;
- n) That process issue and that this Court take jurisdiction over the case;
- o) That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;
- p) Compensation for lost wages, benefits, and other remuneration;
- q) Reinstatement of Plaintiff to a position comparable to her prior position, with back pay plus interest, pension rights, and all benefits;
- r) Front pay;
- s) Any other compensatory damages, including emotional distress, allowable at law;
- t) Punitive damages;
- u) Prejudgment interest on all monetary recovery obtained.
- v) All costs and attorney's fees incurred in prosecuting these claims; and
- w) For such further relief as this Court deems just and equitable.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

Dated this 17th day of August, 2022.

                                  Respectfully submitted,

                                  *s/ Amanda E. Heystek*
                                  **AMANDA E. HEYSTEK**
                                  Florida Bar Number: 0285020
                                  Direct Dial: 813-379-2560
                                  DANIEL E. KALTER
                                  Florida Bar No.: 1025094
                                  Direct Dial: 813-438-8821
                                  **WENZEL FENTON CABASSA, P.A.**
                                  1110 N. Florida Avenue, Suite 300
                                  Tampa, Florida 33602
                                  Main Number: 813-224-0431
                                  Facsimile: 813-229-8712
                                  Email: aheystek@wfclaw.com
                                  Email: dkalter@wfclaw.com
                                  Email: rcooke@wfclaw.com
                                  **Attorney for Plaintiff**