**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

TRACEY-ANN HENRY,

Plaintiff,

Case No. 6:22-cv-01465-RBD-LHP

v.

MCR PROPERTY MANAGEMENT, LLC,

Defendant.
_______________________________________/

**DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, MCR Fund Property Management LLC, incorrectly identified as MCR Property Management, LLC (MCR), through counsel and under Rule 15(a)(1)(A) the Federal Rules of Civil Procedure, submits this Amended Answer and Affirmative Defenses to the Complaint filed by Plaintiff, Tracey-Ann Henry (Plaintiff), and states:

**JURISDICTION AND VENUE**

1. MCR admits Plaintiff purports to bring this action for alleged violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, 29 U.S.C. § 215(a)(3), Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, *et seq.,* and the Florida Civil Rights Act of 1990 (FCRA), Flat Stat. § 760.01, *et seq.*,

but denies any violations, liability or wrongdoing under the law. Except as specifically admitted, MCR denies the allegations in ¶ 1.

2. MCR denies the allegations in ¶ 2 as calling for a legal conclusion. MCR leaves all matters of jurisdiction to the Court.

3. MCR denies the allegations in ¶ 3. MCR leaves all matters of venue to the Court.

## PARTIES

4. Upon information and belief, MCR admits the allegations in ¶ 4.

5. MCR admits it operates the Hilton Garden Inn Orlando location that employed Plaintiff. Except as specifically admitted, MCR denies the allegations in ¶ 5.

## GENERAL ALLEGATIONS

6. MCR denies the allegations in ¶ 6.

7. MCR denies the allegations in ¶ 7 for lack of knowledge or information sufficient to form a belief therein.

8. MCR admits Plaintiff purports to demand a jury trial. Except as specifically admitted, MCR denies the allegations in ¶ 8.

9. MCR denies the allegations in ¶ 9 as calling for a legal conclusion.

10. MCR denies the allegations in ¶ 10 as calling for a legal conclusion.

11. MCR denies the allegations in ¶ 11 as calling for a legal conclusion.

12. MCR denies the allegations in ¶ 12 as calling for a legal conclusion.

13. MCR denies the allegations in ¶ 13 as calling for a legal conclusion.

14. MCR admits the allegations in ¶ 14.

15. MCR denies the allegations in ¶ 15 as calling for a legal conclusion.

16. MCR admits the allegations in the first sentence of ¶ 16 and denies the allegations in the second sentence of ¶ 16 as calling for a legal conclusion.

## FACTS

17. MCR admits that Plaintiff was hired in December 2019 as a cook and was later promoted to food and beverage manager. Except as specifically admitted, the allegations in ¶ 17 are denied.

18. MCR denies the allegations in ¶ 18.

19. MCR denies the allegations in ¶ 19.

20. MCR denies the allegations in ¶ 20.

21. Except to admit that Plaintiff, at various times, worked more than 40 hours in a workweek, MCR denies the allegations in ¶ 21.

22. MCR denies the allegations in ¶ 22.

23. MCR denies the allegations in ¶ 23.

24. MCR admits the allegations in ¶ 24.

25. MCR denies the allegations in ¶ 25 as calling for a legal conclusion.

26. MCR denies the allegations in ¶ 26.

27. MCR denies the allegations in ¶ 27.

28. MCR denies the allegations in ¶ 28.

29. MCR denies the allegations in ¶ 29

30. MCR denies the allegations in ¶ 30.

31. In response to the allegations in ¶ 31, MCR admits that, during her employment, Plaintiff complained to Human Resources about alleged fraud (unfounded) by the assistant general manager but denies Plaintiff ever complained about violence, physical harm, race discrimination, sex discrimination, or retaliation.

32. MCR denies the allegations in ¶ 32.

33. MCR denies the allegations in ¶ 33.

**COUNT I – FLSA OVERTIME VIOLATION**

34. MCR reasserts the foregoing as if fully stated herein.

35. MCR denies the allegations in ¶ 35.

36. MCR denies the allegations in ¶ 36.

37. MCR denies the allegations in ¶ 37.

**COUNT II – TITLE VII VIOLATION**
**(RACE and SEX DISCRIMINATION**

38. MCR reasserts the foregoing as if fully stated herein.

39. MCR denies the allegations in ¶ 39 as calling for a legal conclusion.

40. MCR denies the allegations in ¶ 40.

41. MCR denies the allegations in ¶ 41.

42. MCR denies the allegations in ¶ 42.

43. MCR denies the allegations in ¶ 43.

## COUNT III – TITLE VII RETALIATION

44. MCR reasserts the foregoing as if fully stated herein.

45. MCR denies the allegations in ¶ 45 as calling for a legal conclusion.

46. MCR denies the allegations in ¶ 46.

47. MCR denies the allegations in ¶ 47.

48. MCR denies the allegations in ¶ 48.

49. MCR denies the allegations in ¶ 49.

50. MCR denies the allegations in ¶ 50.

## COUNT IV – FCRA VIOLATION (DISCRIMINATION)

51. MCR reasserts the foregoing as if fully stated herein.

52. MCR denies the allegations in ¶ 52 as calling for a legal conclusion.

53. MCR denies the allegations in ¶ 53.

54. MCR denies the allegations in ¶ 54.

55. MCR denies the allegations in ¶ 55.

## COUNT V – FCRA RETALIATION

56. MCR reasserts the foregoing as if fully stated herein.

57. MCR denies the allegations in ¶ 57 as calling for a legal conclusion.

58. MCR denies the allegations in ¶ 58.

59. MCR denies the allegations in ¶ 59.

60. MCR denies the allegations in ¶ 60.

61. MCR denies the allegations in ¶ 61.

62. MCR denies the allegations in ¶ 62.

63. MCR denies the allegations contained in the un-numbered WHEREFORE clauses, including Plaintiff's claims of entitlement to damages and equitable relief, and specifically denies any violations, liability or wrongdoing under the law.

## MCR'S AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim against MCR upon which relief may be granted.

2. Plaintiff's claims are subject to mandatory, binding arbitration.

3. All actions taken by MCR with respect to Plaintiff were made without malice, in good faith, and for legitimate business reasons.

4. MCR affirmatively asserts it engaged in good faith efforts to comply with the law.

5. Plaintiff is estopped by reason of her conduct, acts, or omissions from recovering against MCR on any purported claims for relief contained herein.

6. Plaintiff may be barred in equity from recovering on the Complaint, or on any claim contained therein, under the doctrine of unclean hands.

7. MCR affirmatively denies that it discriminated against Plaintiff in any of its employment decisions regarding Plaintiff.

8. MCR affirmatively avers that adequate company policies existed with respect to Plaintiff's claims.

9. Plaintiff's claims are time barred in whole or in part by the applicable statutes of limitations.

10. Plaintiff has failed to take steps to mitigate her damages.

11. Plaintiff's claims may be barred by the doctrine of after-acquired evidence.

12. Plaintiff's claims are barred to the extent she failed to file an EEOC charge within 300 days of the alleged discriminatory actions.

13. Plaintiff's claims fail because there is no causal connection between MCR's alleged wrongdoing and Plaintiff's separation from MCR.

14. Plaintiff cannot establish MCR intentionally discriminated against her.

15. To the extent that any of Plaintiff's claims relate to matters which were not investigated or conciliated by the EEOC, Plaintiff has failed to satisfy the conditions precedent to filing an action under Title VII.

16. Plaintiff's claim for liquidated damages is barred because MCR acted in good faith and MCR had reasonable grounds to believe that its actions were not in violation of Title VII.

17. MCR asserts that Plaintiff was, at all material times, an at-will employee of MCR and, therefore, Plaintiff was subject to discharge at any time, with or without case, so long as said action was not for an unlawful reason.

18. Plaintiff's claims are barred in whole or in part by the Portal-to-Portal Act, 29 U.S.C. § 259, because MCR's actions or omissions giving rise to this action were done in good faith and with reasonable grounds for believing the actions or omissions were not a violation of the FLSA.

19. Plaintiff's claims are barred in whole or in part to the extent that the work they performed falls within exemptions, exclusions, exceptions, or credits provided for pursuant to the FLSA.

20. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

21. Plaintiff's claims are barred because Plaintiff has been paid all monies due and owing to her for work performed.

22. Plaintiff's claims are barred, in whole or in part, because Plaintiff either misperformed or failed to perform the duties which MCR reasonably expected her to perform.

23. Plaintiff's claims are barred, in whole or in part, to the extent she violated policies and guidelines or worked in violation of her supervisor's or manager's instructions.

24. Any failure to pay wages required by the FLSA is attributable to bona fide dispute with respect to Plaintiff's entitlement to payment.

25. MCR denies any allegations not expressly included in the Complaint and any allegation of the Complaint not expressly or specifically admitted herein.

26. MCR reserves its right to amend this Answer and assert additional Affirmative Defenses as to claims of Plaintiff are more fully disclosed in the course of discovery in this litigation.

WHEREFORE, Defendant, MCR Fund Property Management LLC, requests that the Court dismiss this action with prejudice, order that judgment be entered in MCR's favor, award MCR its attorneys' fees and costs against Plaintiff pursuant to applicable law, and grant it any other relief that the Court deems appropriate.

Dated: October 10, 2022

Respectfully Submitted,

*/s/ Ashley Wydro*
Ashley Wydro, Esq.
Florida Bar No. 0106605
SESSIONS, ISRAEL & SHARTLE, L.L.C.
3350 Buschwood Park Drive, Suite 195
Tampa, Florida 33618
Telephone: (813) 440-5327
Facsimile: (877) 334-0661
awydro@sessions.legal

**Counsel for Defendant,**
**MCR Fund Property Management LLC**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 10, 2022, a copy of the foregoing was filed electronically via CM/ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including Plaintiff's counsel as described below.

Amanda E. Heystek
Daniel E.Kalter
Wenzel Fenton Cabassa, P.A.
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
aheystek@wfclaw.com
dkalter@wfclaw.com
rcooke@wfclaw.com

*/s/ Ashley Wydro*
Attorney