# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

TRACEY-ANN HENRY,

        Plaintiff,

v.                                          Case No:   6:22-cv-1465-RBD-LHP

MCR PROPERTY MANAGEMENT, LLC,

        Defendant

---

## SUPPLEMENTAL BRIEFING ORDER

On August 17, 2022, Plaintiff Tracey-Ann Henry instituted this action against Defendant MCR Property Management, LLC, alleging five claims: (1) violation of the overtime requirements of the Fair Labor Standards Act ("FLSA"); (2) violation of Title VII, Race and Sex Discrimination; (3) retaliation under Title VII; (4) violation of the Florida Civil Rights Act ("FCRA"), based on race and gender disparate treatment; and (5) retaliation in violation of the FCRA.  Doc. No. 1.  Defendant answered the complaint.  Doc. Nos. 13, 17.

The case thereafter settled at mediation.  Doc. No. 38.  On August 7, 2023, the parties filed a joint motion asking the Court to approve their settlement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir.

1982). Doc. No. 40. Upon consideration, the undersigned denied the joint motion without prejudice for several reasons, including that the parties' settlement agreement related to all of Plaintiffs' claims, including those under the FLSA, Title VII, and state law, without a clear allocation of the funds to be paid to each claim. Doc. No. 47. The parties' agreement was also unexecuted, and included several problematic provisions such as a broad general release and confidentiality, non-disparagement, and no-reemployment provisions, as well as a modification clause. *Id.* Therefore, the undersigned ordered the parties to file a renewed motion addressing these issues. *Id.*

Now before the Court is the parties' renewed motion, with which they submit a fully executed copy of their Settlement Agreement and Release of Claims Under the FLSA. Doc. Nos. 48, 48-1. In the renewed motion, the parties state that they have "entered into a separate 'Settlement Agreement and Release of Liability' that is related to this action in order to resolve Plaintiff's Title VII and FCRA claims," but that such agreement "does not contaminate the Agreement as to the FLSA claims" and there is no need for the Court to review it. Doc. No. 48, at 3 (citations omitted). However, more information is required from the parties to assess the reasonableness of the FLSA settlement. Specifically, given that the parties originally had one agreement that combined all claims, which appeared to comingle payments for all claims, and contained numerous problematic provisions, merely

stating that two separate agreements now exist, without further explanation, does not provide the Court any assurances that the second agreement does not taint the FLSA settlement agreement. *Cf. Yost v. Wyndham Vacation Resorts, Inc.*, No. 6:10-cv-1583-ORL-36GJK, 2012 WL 1165598, at *3 (M.D. Fla. Mar. 26, 2012), *report and recommendation adopted*, 2012 WL 1165468 (M.D. Fla. Apr. 9, 2012) ("[T]he Court does not need to review the parties' settlement of Plaintiff's other claims, *provided its terms do not serve to contaminate the Agreement as to the FLSA claim*." (emphasis added)). *See also Diaz v. AD-PSJ, Inc.*, No. 6:18-cv-2063-Orl-40DCI, 2020 WL 9597837, at *2 (M.D. Fla. Mar. 27, 2020) (court could not determine whether separate, non-FLSA agreement affected reasonableness of the FLSA settlement where the parties provided no information about the non-FLSA agreement beyond its existence).

Accordingly, the undersigned will require supplemental briefing from the parties on this issue. It is **ORDERED** that on or before **September 7, 2023**, the parties shall file a joint supplemental brief, not to exceed **seven (7) pages** in length, addressing, with citation to relevant legal authority as appropriate: (1) whether the terms of the second, undisclosed settlement agreement taint or impact the FLSA settlement agreement; (2) whether the second settlement agreement contains any of the problematic provisions previously identified by the Court, and if so, whether such provisions are supported by separate consideration.

**DONE** and **ORDERED** in Orlando, Florida on August 31, 2023.

*Leslie Hoffman Price*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties